# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DALE P. FIELD, JR.,

              Plaintiff,     :     Case No. 2:19-cv-4289

                                District Judge Edmund A. Sargus, Jr.
- vs -                       Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
  Et al.

              Defendant.     :

## REPORT AND RECOMMENDATIONS

Plaintiff Dale P. Field, Jr. brings this action *pro se* under 42 U.S.C. § 1983[1] for deprivation of his constitutional rights by Defendants Ohio Adult Parole Authority and Gary Mohr in his capacity as Director of the Ohio Department of Rehabilitation and Corrections (ODRC).

The Court takes judicial notice that Mr. Mohr has been succeeded in that official capacity by Annette Chambers-Smith as of January 2019. If this case were to proceed, she should be substituted in her official capacity.

For relief in this case:

> Fields seeks declaratory and/or injunctive relief in that this
> Honorable Court find in his favor in that the actions and
> procedures of the APA violate the constitutional rights afforded

---

[1] That characterization was entered by Plaintiff on the Civil Cover Sheet, ECF No. 1-2, PageID 33.

> Field by the U.S. Constitution, and that the APA be ordered to act accordingly within the limits of these constitutional rights; namely that Fields' supervision by the APA be terminated as of and effectively on February 4, 2019; and that all holds and/or warrants be removed against Fields by the APA; and that any excessive time beyond February 4, 2019 be counted as wrongful incarceration by the APA and subjected to proper monetary charges accordingly.

(Complaint, ECF No. 1-1, PageID 13). In other words, Fields is challenging the custody of the APA over him on grounds his rightful term of supervision has expired.

A complaint which seeks relief from custody is properly classified as a petition for writ of habeas corpus. The Supreme Court has long held that habeas-corpus-like relief including release from custody cannot be granted in a § 1983 case. *Preiser v. Rodriquez*, 411 U.S. 475 (1973).

Because Plaintiff seeks relief from custody, his claim is not cognizable in a proceeding under 42 U.S.C. § 1983. The Complaint should therefore be dismissed without prejudice for failure to state a claim upon which relief under § 1983 can be granted. Plaintiff's Motion for Leave to Proceed *in forma pauperis* should be denied as moot, but this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 1, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the

objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).