# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DALE P. FIELD, JR.,

                Plaintiff,      :      Case No. 2:19-cv-4289

                                      District Judge Edmund A. Sargus, Jr.
- vs -                           Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
  Et al.

                Defendant.      :

## ORDER SUBSTITUTING PARTY;
## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case, brought *pro se* by Plaintiff Dale P. Field, Jr., under 42 U.S.C. § 1983, is before the Court on Plaintiff's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 4). District Judge Sargus has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, ECF No. 7).

In the Complaint Field named as Defendant Gary Mohr in his official capacity as Director of the Ohio Department of Rehabilitation and Corrections (ODRC). The Report took judicial notice of Mr. Mohr's retirement and of the appointment of Annette Chambers-Smith as of January 2019 to the Director's position. Field agrees to her substitution as a party defendant, which is hereby ORDERED pursuant to Fed.R.Civ.P. 25(d)

1

For relief in this case, Field seeks declaratory and/or injunctive relief holding that he has been held unconstitutionally by the Ohio Adult Parole Authority ("APA") since February 4, 2019 (Complaint, ECF No. 1-1, PageID 13). He seeks the removal of all "holds and/or warrants" against him by the APA and compensatory damages for his confinement since February 4, 2019. *Id.*

The Report concluded "Fields is challenging the custody of the APA over him on grounds his rightful term of supervision has expired." (ECF No. 4, ECF No. 47) Because relief of that sort can only be granted by a federal court sitting in habeas corpus, the Report recommended dismissal without prejudice, relying on *Preiser v. Rodriquez*, 411 U.S. 475 (1973).

Field objects that he "does not seek relief from custody but a termination of [an] active warrant for arrest." (Objections, ECF No. 5, PageID 49). He relies on *Wilkinson v. Dotson,* 544 U.S. 74 (2005). In that case the Supreme Court held that prisoners[1] could bring an action under 42 U.S.C. § 1983 to challenge parole procedures because "[n]either respondent seeks an injunction ordering his immediate or speedier release into the community. . . and . . . a favorable judgment will not 'necessarily imply the invalidity of [their] conviction[s] or sentence[s].'" 544 U.S. at 82, quoting *Heck v. Humphrey*, 512 U.S. 477 (1994). *Wilkinson* does not support Field's position because it maintains the distinction begun with *Preiser* between habeas and § 1983 jurisdiction. Field does not seek a change in some APA procedure that might result in his release sometime in the future. Rather, he seeks an injunction quashing the APA warrant now and ordering his immediate release.

Field notes that he is not currently in the custody of the APA, but is incarcerated in the West Virginia Division of Corrections and Rehabilitation. But to be held pending the execution of an active arrest warrant is to be sufficiently in the custody of the issuing authority – here the

---

[1] The respondents were Ohio prisoners, but that did not make a difference in the analysis.

2

Ohio APA – as to make habeas corpus relief available. See *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Hensley v. Municipal Court,* 411 U.S. 345 (1973); *Lawrence v. 48th District Court*, 560 F.3d 475, (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).

Field has already sought relief in habeas corpus this Court in Case No. 2:17-cv-751, raising claims about the APA's handling of his case. Judge Sargus entered final judgment dismissing that case on the merits on August 15, 2018, and Field did not appeal. If the Court were to construe the Complaint in the present case as a habeas corpus petition, it would be obliged to transfer the case to the Sixth Circuit as a second-or-successive habeas application which required permission from the circuit court under 28 U.S.C. § 2244(b) to proceed.

Rather than construe the Complaint as arising in habeas, the Court should take the Complaint as Field drafted it – attempting to state a claim for relief under 42 U.S.C. § 1983 – but dismissing it without prejudice because relief from custody, even arising from a hold or warrant, is not cognizable under 42 U.S.C. § 1983.

October 15, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may

forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).
'