# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DALE P. FIELD, JR.,

                    Plaintiff,         :        Case No. 2:19-cv-4289

                                      District Judge Edmund A. Sargus, Jr.

    -  vs  -                                Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
  Et al.

                    Defendant.       :

---

## OPINION AND ORDER

---

This case is before the Court on Plaintiff's Objections (ECF No. 15) to the Magistrate Judge's Supplemental Report and Recommendations ECF No. 9); Plaintiff's Objections (ECF No. 17) to the Magistrate Judge's Denial of Plaintiff's Request for the Magistrate Judge's Disqualification (ECF No. 16); and Plaintiff's Objections (ECF No. 22) to the Magistrate Judge's Notation Order (ECF No. 19) denying Plaintiff's Motion for Leave to File Supplemental Argument (ECF No. 18). The Magistrate Judge's original Report and Recommendations (ECF No. 4), to which Plaintiff also objected (ECF No. 5), is also before the Court for review.

Pursuant to Fed.R.Civ.P. 72(b), the District Court reviews *de novo* those portions of a Magistrate Judge report and recommendations on a dispositive matter. Magistrate Judge decisions on non-dispositive matters are reviewed under Fed.R.Civ.P. 72(a) for clear error.

**Litigation History**

In his Complaint in this case, Field seeks the following relief:

> Fields seeks declaratory and/or injunctive relief in that this Honorable Court find in his favor in that the actions and procedures of the APA violate the constitutional rights afforded Field by the U.S. Constitution, and that the APA be ordered to act accordingly within the limits of these constitutional rights; namely that Fields' supervision by the APA be terminated as of and effectively on February 4, 2019; and that all holds and/or warrants be removed against Fields by the APA; and that any excessive time beyond February 4, 2019 be counted as wrongful incarceration by the APA and subjected to proper monetary charges accordingly.

(Complaint, ECF No. 1-1, PageID 13).

In his original Report, the Magistrate Judge characterized this prayer for relief as a challenge to "the custody of the APA over him on grounds his rightful term of supervision has expired." (Report, ECF No. 4, PageID 47). The Magistrate Judge recommended the case be dismissed without prejudice because release from custody must be sought by petition for writ of habeas corpus, rather than by complaint under 42 U.S.C. § 1983. *Id.*, citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973).

Field objected that he was not in the custody of the Adult Parole Authority, but subject to a detainer on a warrant the APA had issued (ECF No. 5, PageID 9). The warrant could therefore be attacked under § 1983, he asserted, under authority of *Wilkinson v. Dotson*, 544 U.S. 74 (2005). *Id.*

After recommittal, the Magistrate Judge again recommended dismissal, noting

> *Wilkinson* does not support Field's position because it maintains the distinction begun with *Preiser* between habeas and § 1983 jurisdiction. Field does not seek a change in some APA procedure that might result in his release sometime in the future. Rather, he

2

> seeks an injunction quashing the APA warrant now and ordering
> his immediate release.

(Supplemental Report, ECF No. 9, PageID 58.)

Plaintiff again objected, relying on *Wilkinson* but also asserting that the Ohio APA warrant is "inactive" and he was seeking relief from the future situation when it would become "active," i.e., upon his release from his present term of incarceration in West Virginia (Objections, ECF No. 15). In the same filing, he sought disqualification of Magistrate Judge Merz for personal bias. *Id.*

Noting that requests for recusal in the federal system are directed in the first instance to the judge sought to be removed, Magistrate Judge Merz analyzed Field's claim and declined to recuse himself (ECF No. 16). Field objected, again arguing the distinction between "active" and "inactive" APA warrants. He also argued that his related habeas corpus case, *Field v. Ohio Adult Parole Authority*, Case No. 2:17-cv-751, had been reassigned to Magistrate Judge Merz who recommended dismissal after the initially assigned Magistrate Judge (Chief Magistrate Judge Elizabeth A. Preston Deavers) had found merit in the Petition (Objections, ECF No. 17, PageID 101).

On January 10, 2020, Plaintiff sought leave to supplement his argument in this case claiming that the Attorney General, in defending the parallel habeas corpus case, had argued Field had no standing to proceed in habeas corpus because he was challenging future rather than present custody (Motion, ECF No. 18). The Magistrate Judge denied the Motion to Supplement because it was filed nearly two months after Plaintiff's time to object to the Supplemental Report has expired (Notation Order, ECF No. 19). Plaintiff has also objected to this Notation Order,

arguing that Fed.R.Civ.P. 15(d) allows supplemental pleadings on reasonable notice and on such terms as are just (ECF No. 22).

# Analysis

**Motion to Disqualify**

Turning first to the issue of disqualification, the Court finds Plaintiff has presented no evidence of a disqualifying bias on the part of Magistrate Judge Merz. Field relies entirely on Magistrate Judge Merz's actions in this and his parallel habeas corpus case, but a disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell, supra;Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell, supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).

In part Field relies on a perceived difference in evaluation of the merits of his habeas case by Chief Magistrate Judge Deavers, to whom it was initially assigned, and Magistrate Judge Merz, who recommended dismissal after it was transferred to him. On the contrary, Judge Deavers made no finding on the merits at all beyond the threshold finding that "Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court." This is the standard finding required in habeas corpus cases to require the State to answer and, importantly in a case

4

involving parole revocation, to produce the records. The Magistrate Judge reference in the case was eventually transferred to Magistrate Judge Merz to assist in balancing the Magistrate Judge workload in this District and had nothing to do with any evaluation of the merits. In any event, the Court reviewed *de novo* Magistrate Judge Merz's recommendations in the habeas case and adopted them, dismissing Field's claims with prejudice. Field did not appeal.

In sum, there is no basis in the record for finding Magistrate Judge Merz is personally biased against Plaintiff. The Motion for Disqualification is DENIED.

## Motion to Supplement

As authority for his Motion to Supplement, Field relies on Fed.R.Civ.P. 15(d), but that Rule only permit supplementation of "pleadings". Not all federal court filings are pleadings. Fed.R.Civ.P. 7 defines pleadings to include certain specified filings, not including objections to reports and recommendations (e.g., complaints, answers, and similar filings). The Magistrate Judge correctly denied Field's attempt to supplement his objections because Fed.R.Civ.P. 72(b) sets a time limit on objections, and Field's supplement was submitted more than two months after that time expired.

Nevertheless in the interest of completeness the Court will consider the substance of Petitioner's supplemental argument below.

**The Cognizability of Field's Claim in a Civil Rights Action**

The Report and Supplemental Report recommend dismissal of Plaintiff's claims without prejudice because they seek an immediate release from confinement and are therefore properly brought only in habeas corpus, not under 42 U.S.C. § 1983. The Supreme Court initially made this distinction in *Preiser, supra,* so that prisoners could not avoid the procedural limits on habeas, at the time principally the requirement to exhaust state court remedies, by choosing a civil rights action instead. Since *Preiser* was decided in 1983, those procedural differences have greatly expanded[1], largely because of enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), making the distinction more important now than it was when initially announced. Thus the distinction between habeas and civil rights actions is important to maintain for reasons well beyond this case.

For the reasons given in the Report and Supplemental Report, the distinction is properly applied to this case. As Plaintiff has pleaded the case, the Ohio Adult Parole authority has an outstanding parole violation warrant for Field's arrest which is lodged as a detainer with the West Virginia authorities currently holding him in custody; when their custody is ended, that warrant will become "active" in the sense that it will be ripe for execution. The warrant presently acts as a restraint on Plaintiff's liberty and therefore must be tested in habeas.

---

[1] For example, civil rights plaintiffs have the right to discovery without court order; habeas petitioners must first show good cause. Subject to summary judgment limits, civil rights plaintiffs have the right to introduce evidence at a trial; habeas petitioners are severely limited in their right to introduce evidence. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Of course Plaintiff already tested the warrant in habeas and lost[2]. But the distinction made in *Preiser* does not disappear because a prisoner may no longer have the right to file a habeas corpus petition.

Field's Supplemental Argument which the Magistrate Judge disallowed is as follows:

> It is important in this matter to note also that in the matter styled 2:17-cv-751which has been found as applying to this matter, the Ohio Attorney General's Office stated two pertenant [sic] facts in his arguments. While Field does not have a copy of the exact wording, those facts are paraphrased herein.
>
> 1. The Attorney General's Office admitted that there may be good merit and standing in the argument that Field had made in that matter which is echoed in the current matter; and
>
> 2. The Attorney General's Office stated that that matter was one of Field arguing about future issues that may arise, and thus had not standing in a habeas corpus filing.
>
> Being that the Attorney General's Office openly admits that Field's argument is well placed, but argues a matter that is future based, Field's use of 1983 action in the current matter holds merit and should be permitted to proceed.

(ECF No. 18-1, PageID 106-07.) The purported paraphrase is inaccurate. The Attorney General did not oppose relief in the habeas case because Field did not have standing, but rather because

1. Field's federal habeas petition is not cognizable because it involves the application and interpretation of state sentencing law;

2. Field's entire federal habeas petition is procedurally defaulted because Field failed to accomplish one, complete round of state appellate review when he failed to appeal to the Supreme Court of Ohio. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); and

---

[2] To the extent Field claims the issues raised in the habeas case are not the same as those raised here, further presentation of those claims in habeas may require Field to satisfy the second or successive petition gateway requirements of 28 U.S.C. § 2244(b).

3. Field's federal habeas petition is meritless under 28 U.S.C. §2254(d) [the AEDPA].

(Case No. 2:17-cv-751, ECF No. 28, PageID 386, 387, 393.) This Court dismissed the habeas corpus petition with prejudice in deference to the Supreme Court of Ohio on Field's equal protection claim and for procedural default of his other claims. *Id.* at ECF No. 34).

**Conclusion**

Based on the foregoing analysis, the Report and Supplemental Report are ADOPTED and the Complaint herein is ordered DISMISSED WITHOUT PREJUDICE. The Clerk shall enter judgment accordingly. The Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

~~February~~ March 15 , 2020.

                                                        _____
                                                        Edmund A. Sargus, Jr.
                                                  United States District Judge